## *In re* GOOCH.

### STATE OF MINNESOTA *v.* GOOCH.

*(Circuit Court, D. Minnesota, Third Division. November 25, 1890.)*

CONSTITUTIONAL LAW—INTERSTATE COMMERCE—OLEOMARGARINE—ORIGINAL PACKAGES.
 One who sells oleomargarine in the original package, as imported into the state from another state, is not subject to arrest under a law of the state in which the sale occurs entirely forbidding the sale of oleomargarine, as such statute is an unconstitutional interference with interstate commerce. Following *Leisy* v. *Hardin*, 135 U. S. 100, 10 Sup. Ct. Rep. 681.

*Habeas Corpus.*
*John B. & W. H. Sanborn*, for petitioner.
*W. D. Cornish*, for the State.

NELSON, J. The petition of Charles E. Gooch is presented, praying for a writ of *habeas corpus* to discharge him from an imprisonment alleged to be in violation of the constitution of the United States. The writ is-

sued, and proper steps were taken to bring the legal questions before the court. The petitioner is the agent of Armour & Co. of Chicago, manufacturers of oleomargarine, in the state of Illinois, and he was arrested under a warrant issued by a justice of the peace, being charged with selling oleomargarine in violation of the laws of the state of Minnesota, and at the hearing was committed on failure to pay a fine imposed of $100. The conceded facts before this court are that he sold as agent, in the original package, oleomargarine, stamped and put up in accordance with the laws of the United States, and which had been imported into the state of Minnesota from Illinois by the owner and manufacturers, who were citizens and residents of the latter state. The law of the state of Minnesota forbids the sale of oleomargarine in the state of Minnesota, whether manufactured in this or any other state, and makes no distinction between the importer who sells in the original package, as imported, and one who sells it when the package is broken up.

The questions presented in this case were fully considered and decided by the United States supreme court in *Leisy* v. *Hardin*, 135 U. S. 100, 10 Sup. Ct. Rep. 681, and that court decided, in brief, that commerce among the several states was subject only to the regulations imposed by congress, and that the states could not interfere with or regulate such commerce; and, further, that the right to transport an article of commerce from one state to another included the right to sell in the unbroken imported packages at the place where the transit terminated. The petitioner then, under the uncontradicted facts, is guilty of no offense in selling the oleomargarine in the original package, and his arrest and imprisonment for doing so is illegal, and in violation of the constitution of the United States. The prisoner is entitled to his discharge, and it is so ordered.